UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID JANKOWSKI, *et al.*<br><br>    Defendants, | Case No. 24-mc-12055<br>Honorable Laurie J. Michelson |

**ORDER ON DAVID JANKOWSKI'S MOTION FOR STAY OF JUDGMENT PENDING POST-CONVICTION REMEDIES [26]**

More than a year a half after his sentencing, David Jankowski filed a pro se motion to stay collection of his $5.2 million restitution obligation while he pursues his appeal and post-conviction remedies. (ECF No 26.) "In the unlikely event that the Sixth Circuit review favors the government by affirming the judgment," says Jankowski, he "will file a petition under 28 U.S.C. § 2255 to present grounds for relief which would save judicial resources to further litigate the restitution, as any further litigation may be moot and a waste of the Court's time." (*Id.* at PageID.216.) But the Court of Appeals has already affirmed the judgment and Jankowski's conviction, and collection efforts are well under way. At this stage of the case, therefore, a stay is not warranted. Thus, Jankowski's motion is DENIED.

I.

On July 11, 2022, David Jankowski was found guilty of (1) conspiracy to distribute and possession with intent to distribute controlled substances, in violation

of 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; (3) unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and (4) health care fraud, in violation of 18 U.S.C. § 1347. *United States v. Jankowski*, No. 17-20401 (E.D. Mich. June 7, 2017), ECF No. 178. He was sentenced on April 27, 2024, to 240-months' imprisonment and ordered to pay $5.2 million in restitution to Medicare. (*Id.* at ECF No. 253, PageID.4698.) Jankowski's convictions were affirmed on appeal. (*Id.* at ECF No. 305.)

While the appeal was pending, the government began extensive efforts to collect on the restitution. This included the issuance of garnishments to attach financial accounts and the filing of notices of liens on properties in which Jankowski or his LLCs had an ownership interest. Numerous lawsuits have arisen as a result. Various third parties, including Jankowski's wife, children, and mother, believe the government is overreaching and does not have the power to place liens on their property and membership interests in various LLCs. The government has filed lawsuits of its own alleging that certain transactions between Jankowski and his family members constitute fraudulent conveyances.

In the midst of this contentious litigation, and after millions of dollars have already been collected, Jankowski filed a motion to stay all restitution collection proceedings. (ECF No. 26.) He claims to have a strong likelihood of success on his motion for en banc consideration by the Sixth Circuit or his eventual motion for post-conviction relief under 28 U.S.C. § 2255. (*Id.*) The government opposed the request,

2

(ECF No. 29), and the time for a reply has long since past. Based on the adequate briefing, no further argument is needed. *See* E.D. Mich. LR 7.1(f).

## II.

Jankowski's restitution obligation is part of the judgment in his criminal case. Indeed, the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A *et seq.*, requires the "district court to 'order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.'" *United States v. Bogart*, 576 F.3d 565, 573 (6th Cir. 2009) (quoting 18 U.S.C. § 3664(f)(1)(A)). Thus, Jankowski's motion is governed by the Federal Rules of Criminal Procedure which provide that "[i]f the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556 or notice under 18 U.S.C. § 3555." Fed. R. Crim. P. 38(e)(1). It is within this Court's discretion to grant a stay, but the burden is on the party seeking the stay to show that the circumstances justify the exercise of that discretion. *See Nken v. Holder*, 556 U.S. at 433–34 (2009). Generally, the Court examines four factors when considering a motion to stay restitution payments: the likelihood of success on appeal; whether the applicant will be irreparably injured absent a stay; whether issuance of the stay will substantially injure other parties interested in the proceeding; and where the public interest lies. *See, e.g.*, *United States v. Zastrow*, 2024 U.S. Dist. LEXIS 132310, at *3–4 (M.D. Tenn. July 26, 2024) (applying *Nken* standard to motion to stay restitution order under Rule 38(e)); *see also United States v. Razzouk*, No. 11-430, 2018 WL 3574868, at *1

3

(E.D.N.Y. July 25, 2018) (same). The first two factors weigh most heavily in considering a stay. *Id*.

Here, however, Jankowski has already lost his appeal and the mandate has issued. (*Jankowski*, No. 17-20401, ECF Nos. 305, 312.) Additionally, Jankowski, as well as his family members, appear to have substantial assets. And with substantial restitution funds being held in escrow, this will help to prevent any irreparable harm to Jankowski or his family members should he prevail in any post-conviction efforts. Lastly, Medicare and the public have an interest in seeing Jankowski cease his attempts to prolong this litigation and commence his efforts to make his victim whole. As the government points out, restitution is mandatory here and a component of Jankowski's sentence. (ECF No. 29, PageID.252.); *see also* 18 U.S.C. § 3771(a)(6) (crime victims have a "right to full and timely restitution as provided in law").

It is true that Jankowski has yet to even seek relief under § 2255. But any such post-conviction efforts do not warrant a stay either. As aptly summarized by another court:

> Finally, "28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody." *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002). In short, a § 2255 Petition cannot be used to seek a stay of restitution enforcement.

*United States v. Welch*, No. 20-00052, 2023 U.S. Dist. LEXIS 192840, at *17 (D. Idaho Oct. 25, 2023).

Thus, Jankowski has not satisfied his burden of demonstrating that a stay of restitution proceedings is warranted.[1]

## III.

For these reasons, Jankowski's motion for stay of judgment (ECF No. 26) is DENIED.

SO ORDERED.

Dated: February 19, 2025

                                       s/Laurie J. Michelson
                                       LAURIE J. MICHELSON
                                       UNITED STATES DISTRICT JUDGE

---

[1] Jankowski is also subject to a $35 million dollar forfeiture judgment. (*Jankowski*, No. 17-20401, ECF No. 238.) But this does not appear to be part of his motion. In any event, "[t]he court does not have legal authority to stay a final forfeiture order pending the resolution of a § 2255 motion." *United States v. Bradley*, No. 15-00037, 2022 U.S. Dist. LEXIS 104054, at *2–3 (M.D. Tenn. June 10, 2022). Federal Rule of Criminal Procedure 32.2(d) authorizes stays that "ensure that the property remains available pending appellate review." But again, Jankowski's appeal has already been decided. (*Jankowski*, No. 17-20401, ECF Nos. 305, 312.)